IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-1007-NJR |
| ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| ROBERT JEFFREYS, MELVIN ) | |
| HINTON, CARRI MORRIS, ) | |
| ANTHONY WILLS, STEVEN ) | |
| BOWMAN, MS. HOOD, MAJOR ) | |
| ROWLAND, MS. DRAPPER, RENA ) | |
| ENLAGAGE, JILLIAN CRANE, A. ) | |
| DEARMOND, MS. WEATHERFORDS, ) | |
| TONYA SMITH, MS. MABREY, ) | |
| ANTHONY B. JONES, JOSHUA ) | |
| SCHOENBECK, ALLISON HARGIS, ) | |
| SHELIA M. RAMSEY, MS. ) | |
| STILLHORN, YVETTE BAKER, ) | |
| DEANNA KINK, TRAVIS BAYLER, ) | |
| MS. MORGAN, DR. POTEI, MS. ) | |
| BUETTNER, SULSER, ROYSTER, ) | |
| DALLAS, MS MAJOR, JOHN AND ) | |
| JANE DOES, A. CRANE, and ) | |
| MS. WALKER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donald Haywood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Haywood alleges Defendants were deliberately indifferent to his serious

1

medical needs in violation of the Eighth Amendment. He also alleges a due process violation under the Fourteenth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint, Haywood makes the following allegations: On September 9, 2021, he was transferred to Menard from Pontiac Correctional Center. Haywood maintains that he was on a medical hold and should not have been transferred. He suffers from Sjogren's syndrome and rheumatoid arthritis and sees a rheumatologist at UIC Medical Center every six weeks (*Id*. at p. 19). Upon his arrival at Menard, he was suffering from severe stomach pain and informed every nurse he saw but was provided no help because security staff had placed a "pink tag" on him. Haywood believes this means that staff believed he had wronged other staff and, as a result, they would not help him for 90 days (*Id*.).

Haywood was able to speak with Rena Enlagage and showed her his bloody toilet paper. He also informed her that his stomach hurt, he suffered from autoimmune disorders, and he needed to see the rheumatologist. Enlagage provided him some pills

2

but provided no further care, even though Haywood could barely walk when he spoke to her (*Id.*).

A few days later he met with John Doe Physician Assistant (*Id.* at pp. 19-20). The Physician Assistant told Haywood he had too many permits, despite the permits being issued by the University of Illinois hospital from his rheumatologists (*Id.* at p. 20). The Physician Assistant took all of his permits except for low gallery and low bunk permits. He also told Haywood that Menard was a white man prison and he would not be treated as he had been "up north" (*Id.*). He was denied his permits for two mattresses or pillows, ice, showers, front cuff, waist chains, and single man cell (*Id.*). Haywood informed him about his stomach pain, but the Physician Assistant said he was done because Haywood "want[ed] too much" (*Id.*).

Fourteen days later, Haywood was transferred to Cook County for court and had to be transferred to a hospital. His stomach issues were discovered to be the result of an inflamed appendix (*Id.* at pp. 20-21).

Haywood returned to Menard on February 11, 2022, but he alleges he has not received any further medical care. There is no medical doctor or director at Menard (*Id.* at p. 21). He also suffers from knots in his neck. He spoke with nursing staff about his Cook County hospital visit and the fact his rheumatologist noted that knots could be swollen glands and represent an emergency situation given his conditions (*Id.*). But he has only seen physician assistants at Menard.

Haywood indicates that his throat burns and his glands are swollen, but he is now in a cell with mace, urine, and feces on it because he writes grievances (*Id.* at p. 21). The

gallery also gets sprayed with mace often (*Id*. at p. 22). He was scheduled to be seen by multiple outside medical providers before entering IDOC custody, including an ophthalmologist, a dentist, and a pain clinic, and he had a scheduled colonoscopy, but Menard "medical defendants" and "security staff" did not take him to the appointments (*Id*. at p. 21).

Haywood's attorney in another pending case wrote to Anthony Wills and Steven Bowman about his condition, but they did not do anything to help his condition or the inadequate care he is receiving (*Id*. at p. 22). Haywood has written grievances, but they were denied (*Id*.).

Haywood also takes issue with mental health and security staff because he does not believe he and others are treated right, including being denied TVs and tablets (*Id*. at p. 22). If inmates do anything staff does not like, the inmates get a pink tag. Haywood indicates that inmates suffering from serious mental illness are supposed to have a mental health staff member on the adjustment committee for disciplinary tickets, but Menard does not follow that rule (*Id*. at p. 22). He also alleges that he is in a cell with mold, rust, feces, and very little air (*Id*. at p. 23). He is currently in segregation due to a staff assault committed on September 9, 2021, where he received six months in segregation (*Id*. at p. 23). Haywood believes that his due process rights were violated because the committee only had fourteen days to hold the hearing (*Id*. at p. 23). He alleges Ms. Walker, Lt. Schoenbeck, and Sgt. Jones were on the committee (*Id*. at pp. 23-24).

## Preliminary Dismissals

Haywood identifies a number of individuals in his case caption but fails to include any allegations against them in the statement of claim. This includes Wexford Health Sources, Inc., Robert Jeffreys, Melvin Hinton, Carri Morris, Ms. Hood, Major Rowland, Ms. Drapper, Jillian Crane, A. Dearmond, Ms. Weatherfords, Tonya Smith, Ms. Mabrey, Allison Hargis, Shelia M. Ramsey, Ms. Stillhorn, Yvette Baker, DeAnna Kink, Travis Bayler, Ms. Morgan, Dr. Potei, Ms. Buettner, Sulser, Royster, Dallas, MS Major, and A. Crane. These individuals are **DISMISSED without prejudice**. He also identifies John/Jane Does generically and refers to "mental health staff" and "security staff,, but he cannot proceed on generic claims against groups of individuals. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Thus, Haywood must point to specific individuals and not "staff." These claims are also **DISMISSED without prejudice**.

Haywood also refers generically to "they" when he discusses his conditions of confinement, mental health care, and denial to go to outside appointments. Those claims are not well defined and, thus, fail to state a claim. He also references his grievances being denied and retaliation but provides no further details that would state a claim. He likewise does not connect any specific defendant to these claims. All potential claims other than the ones identified below are considered **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

**Count 1:** **Eighth Amendment deliberate indifference claim against Rena Enlagage, John Doe Physician Assistant, Anthony Wills, and Steven Bowman for failing to provide Haywood care for his autoimmune diseases.**

**Count 2:** **Fourteenth Amendment due process claim against Anthony B. Jones, Joshua Schoenbeck, and Ms. Walker for denying him access to mental health and proper notice regarding his disciplinary hearing.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Count 1 against Rena Enlagage, John Doe Physician Assistant, Anthony Wills, and Steven Bowman shall proceed for further consideration.

Count 2 regarding Haywood's disciplinary hearing is unrelated to the claim in Count 1 regarding his medical care. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 3 into a new case with a newly assigned case number.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Pending Motions**

As to his motion for counsel (Doc. 2), Haywood indicates that he is seriously mentally ill and that he has counsel in another of his cases. Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[2] Further, counsel is not needed at this time because the defendants have not yet been served and a discovery schedule has not been entered. Thus, Haywood's motion for counsel (Doc. 2) is **DENIED** without prejudice. He may renew his request for the recruitment of counsel at a later date.

**Disposition**

For the reasons stated above, Count 2 against Anthony B. Jones, Joshuaa Schoenbeck, and Ms. Walker is severed into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc 1);
- The motion to proceed IFP (Doc. 3); and
- The motion for recruitment of counsel (Doc. 2).

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Count 1 shall proceed in this case against Rena Enlagage, John Doe Physician Assistant, Anthony Wills, and Steven Bowman. All other listed Defendants and potential claims are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Rena Enlagage, Anthony Wills, Steven Bowman, and John Doe Physician Assistant (once he is identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Haywood. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Haywood, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Haywood, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Haywood is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  June 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**