IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-1007-NJR |
| | ) |
| ANTHONY WILLS, STEVEN BOWMAN, RENA ENLAGAGE, MICHAEL MOLDENHAUER, JILLIAN CRANE, TONYA SMITH, AMY CAIN, ALISA DEARMOND, BRANDY DUNBAR, NICOLE BRAND, ANGELA CRAIN, and JOHN AND JANE DOES 1-20, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donald Haywood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He filed an original Complaint and was allowed to proceed on a single count against Rena Enlagage, John Doe Physician Assistant, Anthony Wills, and Steven Bowman for deliberate indifference in treating his autoimmune diseases. He later tried to file an Amended Complaint but experienced difficulties. The Court assigned counsel to Haywood due to his difficulties (*See* Docs. 31 and 35). On October 31, 2022, assigned counsel filed an Amended Complaint (Doc. 38). In the Amended Complaint, Haywood alleges Defendants were deliberately indifferent in treating his enflamed appendix, rheumatoid arthritis, and Sjogren's syndrome. He seeks to add a number of individuals to his original Complaint.

1

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Haywood makes the following allegations: Prior to September 9, 2021, Haywood was incarcerated at Pontiac Correctional Center on a medical hold because his conditions, including rheumatoid arthritis and Sjogren's syndrome, required him to report to the University of Illinois Medical Center in Chicago every six weeks (Doc. 38, p. 4). Because of these conditions, his treating physicians prescribed certain conditions of his confinement, including certain medications, the use of joint braces, front cuffs, and no use of pepper spray around him (*Id.*). On September 9, 2021, Haywood arrived at Menard (*Id.* at p. 5). At the time of his arrival, he was suffering from severe stomach pain, making it difficult to walk (*Id.*). Although he requested medical care, correctional officers told nurses not to speak to him, because Haywood had a "pink tag" designation.

Haywood finally saw Nurse Enlagage after he showed her blood-stained toilet paper and she provided him with medication (*Id.*). He does not recall the name of the medication. A few days after seeing Enlagage, Haywood saw physician assistant Moldenhauer, who told him he had too many permits. He took a number of permits away from Haywood, including his permit for arm braces (*Id.* at p. 6). Although Haywood told him about his stomach pain and difficulties eating and sleeping, Moldenhauer told Haywood he was done and that he wanted too much (*Id.*). Haywood continued to put in sick call requests, but Enlagage merely told him she could not do

anything about his requests (*Id.*). He continued to complain of stomach pain and coughing up blood to correctional officers.

On October 20, 2021, Haywood was taken to the hospital for an emergency and learned he had an enlarged and enflamed appendix (*Id.* at p. 6). He had his appendix and gallbladder removed while in the hospital (*Id.*). Although Haywood wrote a number of grievances about his care, those grievances were denied. He also lodged a complaint with Wills and Dr. Bowman about his care through the Uptown People's Law Center of Chicago (*Id.* at p. 7). Neither Wills nor Bowman took any action regarding Haywood's care (*Id.*). Haywood believes that his lack of adequate care is part of a pattern at Menard Correctional Center, where he complained to numerous staff and officers but received no care (*Id.* at p. 7). Although he was scheduled for medical care, correctional officers failed to take him to scheduled appointments within the prison (*Id.* at p. 8).

At some point, Haywood began suffering from a burning sensation in his throat, knots in his neck, and swollen glands (*Id.* at p. 8). Although he provided records to staff from University of Illinois Medical Center, advising that he should be taken to the hospital if he experienced swollen glands, he did not receive proper care (*Id.*). He also has experienced pepper spray in his cell and poor conditions, which he believes are in response to writing grievances (*Id.*). He also alleges that various unknown defendants, that he labels John and Jane Does 1-20, as well as Jillian Crane, Tonya Smith, Amy Cain, Alisa Dearmond, Brandy Dunbar, Nicole Brand, Ms. Weatherfords, Ms. Morgan, Ms. Major, Ms. Gracese, and Amanda ignored his requests for medical treatment (*Id.* at pp. 8-9). Angela Crain also responded to some of his grievances but denied him care (*Id.* at p. 9). Some of those individuals also made racially discriminatory remarks to Haywood in response to his requests for care.

**Discussion**

Haywood alleges the following single Count:

**Count 1:** **Eighth Amendment deliberate indifference claim against Rena Enlagage, Michael Moldenhauer, Anthony Wills, Steven Bowman, Jillian Crane, Tonya Smith, Amy Cain, Alisa Dearmond, Brandy Dunbar, Nicole Brand, Angela Crain, and John and Jane Does 1-20 for failing to properly treat his enflamed appendix, rheumatoid arthritis, and Sjogren's syndrome.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Haywood sets forth a valid claim for deliberate indifference against Enlagage, Moldenhauer, Wills, and Bowman for the treatment of his enflamed appendix and other conditions. He adequately alleged that he requested treatment from Enlagage and Moldenhauer but that they refused him treatment. He further alleges that Moldenhauer took away a number of his permits for his chronic conditions. He also alleges that he lodged complaints with Wills and Bowman but they failed to take action (*Id*. at p. 7). Thus, he can also proceed against Wills and Bowman *in their individual capacities*.[2]

As to the John and Jane Does 1-20, Haywood fails to state a claim. He must associate each defendant with specific acts or misconduct or omissions, in order to put each defendant on notice

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").
[2] Haywood makes mention of a pattern of mistreatment he experienced at Menard, but it is not clear that he is suing Wills, in his official capacity, for a pattern or practice at Menard regarding healthcare. He only offers a conclusory statement that he experienced a pattern of mistreatment and he fails to allege that the practice was "so pervasive that acquiescence on the part of the policymakers was apparent and amounted to a policy decision." *Phelan v. Cook County*, 463 F.3d 773, 790 (7th Cir. 2006), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016). Thus, Haywood fails to state a pattern or practice claim against Wills, or any defendant, in their official capacity.

4

of which claims in the Amended Complaint are directed against him or her. *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). Haywood simply lists these potential defendants without providing any specific facts to indicate who they are, when they provided him care, or how their care was defective. He merely states while at Menard (Haywood has been at Menard since September 9, 2021), these unknown individuals failed to provide him care after advising them of various symptoms (Doc. 38, pp. 8-9). Without any specific factual allegations as to when these events occurred or the particulars around the incidents, Haywood fails to state a claim. John and Jane Does 1-20 are **DISMISSED without prejudice**.

Similarly, Haywood fails to state a claim against Jillian Crane, Tonya Smith, Amy Cain, Alisa Dearmond, Brandy Dunbar, Nicole Brand, Ms. Weatherfords, Ms. Morgan, Ms. Major, Ms. Gracese, Amanda, and Angela Crain. Although he alleges that these individuals denied him care, he provides no facts regarding when he requested care or what conditions he suffered from at the time. A successful Complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Without additional factual allegations, Haywood fails to state a claim against these individuals. He fails to provide enough facts to put them on notice of the claims against them. Further, to the extent these individuals, including Angela Crain, denied his grievances, the denial or mishandling of a grievance does not state a claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Accordingly, these Defendants are also **DISMISSED without prejudice**.

### Pending Motions

In addition to his Amended Complaint, Haywood also filed a motion for leave to take advanced discovery (Doc. 39). He seeks leave to submit both a request to produce on Defendants

5

for his grievance, disciplinary, and medical records. He also seeks leave to subpoena medical records from the University of Illinois Medical Center at Chicago. Haywood anticipates filing a motion seeking injunctive relief and needs the records to support his motion.

The Court **GRANTS in part** Haywood's request for early discovery. Haywood is **GRANTED** leave to serve a subpoena on University of Illinois Medical Center for his medical records. As to his request for records from Defendants, the Court **GRANTS** the motion in part. Because the Court has not yet entered a scheduling order and Defendants have not yet filed an Answer, the Court would normally not order the disclosure of documents at this time. But given the emergent nature of the request, the Court **DIRECTS** Defendant Anthony Wills, whose counsel has already entered her appearance, to provide Haywood with the requested documents by **November 28, 2022**. This allows counsel time to obtain the requested documents while also recognizing the emergent need for the documents.

### Disposition

For the reasons stated above, Count 1 shall proceed against Rena Enlagage, Michael Moldenhauer, Anthony Wills, and Steven Bowman. The remaining Defendants, including John and Jane Does 1-20, Jillian Crane, Tonya Smith, Amy Cain, Alisa Dearmond, Brandy Dunbar, Nicole Brand, Ms. Weatherfords, Ms. Morgan, Ms. Major, Ms. Gracese, Amanda, and Angela Crain are **DISMISSED without prejudice** for failure to state a claim.

The Clerk of Court shall prepare for newly added Defendant Michael Moldenhaur: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Haywood. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Haywood, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

As to those Defendants who have already been served, including Steven Bowman, Rena Enlagage, and Anthony Wills, their Answers to the original Complaint were due September 7, 2022 (Doc. 22). There appears to be some confusion as to whether they were granted a stay of that deadline. Although the Court assigned counsel, Defendants' request for stay was denied (Doc. 27). Defendants have not yet filed Answers. Due to the apparent confusion, Defendants are **GRANTED 14 days** to file a responsive pleading to the Amended Complaint. Responsive pleadings are due **November 18, 2022**. Failure to file an Answer will result in an entry of default against any Defendant who fails to file an Answer or other responsive pleading.

If judgment is rendered against Haywood, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

7

Finally, Haywood is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  November 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**