IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD, | |
| Plaintiff, | |
| v. | Case No. 22-cv-1007-NJR |
| ANTHONY WILLS, STEVEN BOWMAN, REVA ENGELAGE, and MICHAEL MOLDENHAUER, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Donald Haywood, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Haywood was originally allowed to proceed on a single count against Reva Engelage, John Doe Physician Assistant, Anthony Wills, and Steven Bowman for deliberate indifference in treating his autoimmune diseases. After attempting to file an Amended Complaint on his own, the Court assigned Haywood counsel, and counsel filed an Amended Complaint in October 2022 (Doc. 38). After review of the Amended Complaint, Haywood was allowed to proceed on one count of deliberate indifference against Reva Engelage, Michael Moldenhauer, Anthony Wills, and Steven Bowman (Doc. 40).

Haywood's counsel now seeks to file a Second Amended Complaint to re-allege a

deliberate indifference claim previously dismissed against a number of individuals. (Doc. 87). The individuals include: Jillian Crane, Angela Craine, Brandy Dunbar, Nicole Brand, Alisa Dearmond, Major Gee, Correctional Officer ("C/O") Sulzer, C/O Dallas, C/O Royster, Major Roland, C/O Bebout, and John Doe Correctional Officer (Doc. 87-2). Haywood also seeks to add an excessive force claim and a negligence claim. Defendants filed responses (Docs. 88, 96) in opposition to the motion.

### SECOND AMENDED COMPLAINT

Haywood's original Complaint alleged deliberate indifference in the treatment of his Sjogren's syndrome and rheumatoid arthritis while at Menard (Doc. 1). He was allowed to proceed on one count of deliberate indifference regarding the treatment provided by medical staff and the warden at Menard (Doc. 8). The Amended Complaint filed by appointed counsel alleges deliberate indifference in the treatment of Haywood's enflamed appendix, rheumatoid arthritis, and Sjogren's syndrome (Docs. 38, 40). Additional claims against John and Jane Does 1-20, as well as claims against other named staff, were dismissed for failure to statement a claim (Doc. 40, p. 4). Specifically, the unknown and named individuals were dismissed because Haywood failed to provide any facts as to when he requested care from these individuals or the conditions he suffered from at the time (*Id*. at p. 5). He was allowed to proceed only on the deliberate indifference claim against Engelage, Moldenhauer, Wills, and Bowman (*Id*. at p. 4).

In his proposed Second Amended Complaint, Haywood once again seeks to add additional individuals to his deliberate indifference claim. His proposed pleading alleges that while at Menard, but prior to his transfer to Cook County Correctional Center for

resentencing, correctional officers actively tried to prevent Haywood from receiving treatment at Menard (Doc. 87-2, p. 6). He alleges that Sulzer, Gee, Roland, Dallas, and Royster informed nursing staff to avoid Haywood (*Id.*). Royster and Dallas also intentionally sprayed Mace in Haywood's cell in order to harass him because they knew it inflamed his symptoms (*Id.* at pp. 6-7). Haywood alleges that he told officers that the Mace irritated his eyes and caused them to swell; he also showed staff his medical records (*Id.* at p. 7).

In addition to his allegations against correctional staff, Haywood alleges that in January 2023, John Doe correctional officer assaulted him while he attempted to take an additional shower, for which Haywood had a medical permit (*Id.* at p. 10). Haywood alleges the unknown officer punched him in the face, locked him in a room, and yelled racial epithets at him (*Id.*).

Finally, Haywood seeks to allege deliberate indifference claims against Jillian Crane, Alisa Dearmond, Brandy Dunbar, Angela Craine, Nicole Brand, Bebout, Sulzer, Gee, Dallas, Roland, and Royster. Haywood alleges these individuals ignored his requests for treatment, made racially discriminatory remarks in response to his requests for care, informed other medical staff to avoid Haywood, and delayed care for Haywood (*Id.* at pp. 10-11). Haywood does not provide any specifics as to each individual defendant's actions or dates when these actions occurred.

In addition to his original deliberate indifference claim, Haywood proposes two additional counts. First, he seeks to raise an excessive force claim against Dallas, Royster, Sulzer, and John Doe #1 (Count 2). He also seeks to allege a negligence claim against

Defendants Moldenhauer, Crane, Craine, Dearmond, Dunbar, Brand, Gee, Sulzer, Royster, Dallas, Roland, Bebout, and John Doe #1 (Count 3). He identifies a number of specific obligations that these defendants allegedly owed Haywood including: (a) to provide, or cause to be provided, prompt and appropriate medical care; (b) to summon necessary and appropriate care, (c) to follow appropriate and reasonable medical protocol/standard of care related to Haywood's medical treatment, (d) to follow/adhere to medical orders issued related to Haywood's medical care, (e) to refrain from unreasonably creating danger or increasing Haywood's risk of harm, (f) to refrain from using unreasonably excessive physical force and/or battery of Haywood, (g) to intercede and prevent actions of fellow officers from using unreasonably excessive physical force and/or battery of Haywood, (h) to refrain from abusing their authority granted to them by law, and (i) to refrain from violating Haywood's rights as guaranteed by the U.S. Constitution (*Id*. at pp. 14-15). He alleges that these defendants failed to meet each of these obligations.

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleadings once as a matter of course…if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). Because Haywood has already amended his Complaint once, he must now seek to amend his complaint pursuant to Rule 15 (a)(2), which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further

states that amendments should be freely granted "when justice so requires."

The decision to grant a plaintiff leave to further amend a compliant under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2007); *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997). Leave to amend may be denied for several reasons, however, including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…[or the] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Haywood's proposed Second Amended Complaint is also subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## ANALYSIS

As to Jillian Crane, Angela Craine, Alisa Dearmond, Brandy Dunbar, Nicole Brand, and C/O Bebout, Haywood again fails to provide any allegations that suggest they each acted with deliberate indifference. He only states in conclusory fashion that they were deliberately indifferent to Haywood's health and safety (Doc. 87-2, pp. 12-13). He also fails to provide pertinent information as to how each individual violated his

rights. Instead, he merely states that they engaged in various forms of misconduct to include: ignoring his requests for care, making racially discriminatory remarks, preventing medical staff from providing him care, and/or delaying his outpatient care (*Id*. at pp. 10-11). But Haywood once again fails to provide pertinent information, including when he asked the individuals for care, his interactions with each defendant, and how each individual's actions amounted to deliberate indifference. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). As with his First Amended Complaint, Haywood again fails to provide additional factual allegations which would state a viable claim. Thus, to the extent he seeks to add these individuals to his deliberate indifference count, or state a negligence claim against these individuals, his motion to amend is **DENIED**.

Haywood also seeks to add deliberate indifference, negligence, and excessive force claims against correctional officers. Haywood alleges that during a limited period of time—from when he first arrived at Menard until his transfer to Cook County—correctional officers Sulzer, Gee, Dallas, Roland, and Royster informed nursing staff to avoid Haywood (Doc. 87-2, p. 7). Their actions allegedly prevented him from receiving care while at Menard. At this stage, Haywood has alleged enough facts to state a viable claim for deliberate indifference against Sulzer, Gee, Dallas, Roland, and Royster. He also states a negligence claim in Count 3 against these individuals for their same actions.

Haywood also alleges that Royster and Dallas used excessive force when they sprayed Mace around his cell. The "use of mace is not a *per se* violation of the Eighth Amendment, and it can be used in limited quantities when reasonably necessary to

subdue or maintain control over an inmate." *Musgrove v. Detella,* 74 F. App'x 641, 645 (7th Cir. 2003). Here, Haywood alleges that Royster and Dallas purposefully sprayed Mace around his cell because they knew that Mace would inflame his condition (Doc. 87-2, pp. 6-7). That is enough to state a claim at this stage. Thus, Count 2 shall proceed against Royster and Dallas. To the extent Haywood includes Sulzer in his excessive force claim, however, Haywood fails to allege that Sulzer used Mace against him (*Id*. at p. 14). His allegations only suggest that Royster and Dallas used Mace (*Id*. at p. 6). Thus, his request to add Sulzer to his excessive force claim is **DENIED**.

Haywood's allegations regarding the excessive use of force by John Doe #1 in January 2023 are unrelated to the claims currently in this case and occurred after it was filed. To the extent he seeks to bring an excessive force claim against John Doe #1 he would need to file a new case after first exhausting his administrative remedies.

Finally, Haywood seeks to add a negligence claim against Moldenhauer, in addition to his deliberate indifference claim (Doc. 87-2, pp. 15-16). Because the negligence allegations are based on the same allegations as the deliberate indifference clam, the Court will allow the negligence claim to proceed against Moldenhauer.

## CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Haywood's motion for leave to file a Second Amended Complaint. Haywood's Second Amended Complaint may proceed on the following counts:

Count 1:   Eighth Amendment deliberate indifference claim against Anthony Wills, Steven Bowman, Reva Engelage, Michael Moldenhauer, Gee, Sulzer, Roland, Dallas, and Royster.

Count 2:    Eighth Amendment excessive force claim against Royster and Dallas for spraying Mace at Haywood.

Count 3:    Illinois negligence claim against Moldenhauer, Gee, Sulzer, Royster, Dallas, and Roland.

Haywood's counsel is **DIRECTED** to file the Second Amended Complaint on or before **November 1, 2023**. Once the Second Amended Complaint has been filed, the Clerk of Court is **DIRECTED** to serve the Defendants in accordance with the threshold Order.

**IT IS SO ORDERED.**

DATED:   October 25, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**