IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD HAYWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-cv-1007-RJD |
| v. ) | |
| ) | |
| ANTHONY WILLS, et al., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pro se and in forma pauperis pursuant to 42 U.S.C. §1983. Doc. 1. He alleged that Defendants violated his Constitutional rights at Menard Correctional Center ("Menard"). The Court recruited counsel for him. Doc. 114. Now pending before the Court is a Motion for Summary Judgment on the issue of administrative remedy exhaustion (Docs. 122 and 123) filed by Defendant Michael Moldenhauer. Plaintiff filed a Response (Doc. 130) and, as explained further, Defendant's Motion is DENIED. Also pending is Plaintiff's Motion for Leave to file Third Amended Complaint. Doc. 131. Defendants do not object, and Plaintiff's Motion is GRANTED.

**Plaintiff's claim against Physician Assistant Michael Moldenhauer**

Following the Court's initial threshold review conducted pursuant to 28 U.S.C §1915A, Plaintiff's case proceeded as a single claim for deliberate indifference under the Eighth Amendment to the U.S. Constitution against multiple defendants, including "John Doe Physician

Assistant." Plaintiff (through his Court-recruited counsel) named Physician Assistant ("PA") Michael Moldenhauer in his First Amended Complaint. Doc. 38. In the Second Amended Complaint, Plaintiff alleged that he suffered from a debilitating autoimmune disease and that, until September 9, 2021, Plaintiff had been incarcerated at Pontiac Correctional Center and was transferred to the University of Illinois Medical Center in Chicago every six weeks for treatment. Doc. 98, ¶¶19, 20. Plaintiff transferred to Menard Correctional Center on September 9, 2021 and saw PA Moldenhauer on September 9, 2021.[1] Doc. 130, ¶3. PA Moldenhauer told Plaintiff that he had too many permits and "you're used to the way people up north treat you; I'm going to wake you up fast because this is a white man's prison." *Id*., ¶31. PA Moldenhauer terminated most of Plaintiff's permits, including one that allowed him to wear arm braces for chronic joint and bone pain. *Id*. Plaintiff told PA Moldenhauer that he was having significant stomach pain, and PA Moldenhauer said that "he was done" and Plaintiff "wanted too much." *Id*., ¶32. Plaintiff submitted an emergency grievance on that same day regarding his medical permits. Doc. 98-1, p. 5.

On September 22, 2021, Plaintiff was transferred to Cook County Correctional Center for a resentencing hearing. Doc. 98, ¶36. On September 23, 2021, the Warden at Menard determined Plaintiff's emergency grievance was not an emergency and should be submitted "according to normal procedure." Doc. 98-1, p. 5. However, at that point, Plaintiff was at the

---

[1] Plaintiff's Second Amended Complaint alleged that he saw Defendant Moldenhauer on September 14, 2021, not September 9. In his Response to the Motion for Summary Judgment, Plaintiff explains that he actually saw Defendant Moldenhauer on September 9, 2021 and he corrects the date of that visit in his proposed third amended complaint. Doc. 131-1, ¶30. The date of the visit is a genuine issue of material fact because Plaintiff submitted his emergency grievance on September 9; if Plaintiff did not see Michael Moldenhauer until September 14, then Plaintiff likely could not have exhausted his administrative remedies against him. Considering that Defendant Moldenhauer did not respond to Plaintiff's Statement of Additional Material Facts, and considering the record in the light most favorable to Plaintiff (as the Court must on Defendant's summary judgment motion), the Court considers September 9, 2021 to be the date of Plaintiff's encounter with Defendant Moldenhauer.

Cook County Correctional Center and did not return to Menard until February 2022. Doc. 98, ¶36.

## Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). The grievance must contain the following:

> …. factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.870(b).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the

Page **3** of **6**

circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

The inmate may request that his grievance be treated as an emergency by sending it directly to the CAO. *Id.* § 504.840. If the CAO determines that the grievance constitutes an emergency, he/she will expedite its processing. *Id.* § 504.840(b). If the CAO determines that expedited review is not necessary, the grievance will be returned to the inmate with instructions to submit it through the regular channels. *Id.* § 504.840(c).

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e). Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007). However, an inmate is only required to exhaust the administrative remedies that are available to him. *Ross v. Blake*, 578 U.S. 632, 642 (2016).

### Defendant Moldenhauer's Summary Judgment Motion

The burden rests with Defendant to establish that Plaintiff failed to exhaust his administrative remedies prior to filing suit. *Smallwood v. Williams*, 59 F. 4th 306, 315 (7th Cir. 2023). Defendant Moldenhauer contends that Plaintiff failed to exhaust his administrative

remedies regarding Defendant Moldenhauer's refusal to issue permits to Plaintiff upon his arrival at Menard. In his Motion for Summary Judgment, Defendant Moldenhauer does not address the emergency grievance Plaintiff submitted on September 9, 2021, presumably because Defendant Moldenhauer's Motion presupposes that Plaintiff saw him on September 14, 2021 (as alleged in the Second Amended Complaint). However, Defendant Moldenahauer's summary judgment motion also does not address Plaintiff's transfer to Cook County Correctional Center from September 22, 2021-February 2022 and whether there were administrative remedies available to Plaintiff during that time.

Accordingly, Defendant's motion does not carry his burden on summary judgment to establish that Plaintiff failed to exhaust his available administrative remedies prior to filing suit. Considering the facts and all reasonable inferences in favor of Plaintiff, it appears that Plaintiff attempted to exhaust his administrative remedies regarding Defendant Moldenhauer's refusal to issue him permits on September 9, 2021 by submitting an emergency grievance on that same day. However, Plaintiff's transfer to Cook County Correctional Center on September 22, 2021 (one day before the Warden at Menard determined Plaintiff's grievance was not an emergency and Plaintiff should complete the standard grievance process) rendered the remainder of the grievance process unavailable to Plaintiff. Defendant Moldenhauer's Motion for Summary Judgment (Doc. 122) is DENIED.

### Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 131)

Since Plaintiff filed his Second Amended Complaint, the Court recruited new counsel for Plaintiff because his previous counsel retired. Docs. 109, 114. Plaintiff's new counsel filed a Motion for Leave to File Third Amended Complaint. Doc. 131. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given

"when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). Leave to amend may be denied because of undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

Plaintiff's Third Amended Complaint clarifies that he saw Defendant Moldenhauer on September 9, not September 14.  Doc. 131-1, ¶30.  Finding that Plaintiff's proposed third amended complaint is neither unduly delayed nor futile nor brought with dilatory motive and noting that Defendants do not object, Plaintiff's Motion (Doc. 131) is GRANTED.  Plaintiff is ORDERED to file his proposed third amended complaint as the Third Amended Complaint by September 5, 2024.

**IT IS SO ORDERED.**

**DATED:   September 3, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**